GEORGE H. JONES, ESQ. (270944)
LAW OFFICE OF GEORGE H. JONES
816 H Street, Suite 108
Sacramento, CA  95814
Phone: (888) 675-2456
Fax: (877) 291-0481

Attorney for Defendant, Darrel King

UNITED STATES OF AMERICA

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CASE NO: 81-CR-00311-RS-1 |
|---|---|
| Plaintiff, | ) |
| v. | ) Defendant Darrel King's Motion to Vacate, Set Aside, Or Correct Sentence, Pursuant to 28 U.S.C. § 2255 |
| DARREL KING, | ) |
| Defendant. | ) |

## INTRODUCTION

On June 27, 2019, the California Board of Parole Hearings (B.PH.) granted Defendant Darrel King parole after he served thirty-eight (38) continuous years.

King asks the court to set bail and issue a stay until the 1982 federal sentence is resolved. King also requests that the court vacate, set aside or correct his sentence.

King's request is appropriate. The prosecution did not locate a material witness. Hearsay testimony was misused and improperly admitted as a co-conspirator's statement. King's Fourth, Fifth and Sixth Amendment rights were violated.

# ARGUMENT

1) <u>King's Request Is Appropriate</u>

King's request is appropriate under *28 U.S.C. § 2255* to challenge a federal sentence. The Court addressed the applicability of *28 U.S.C. § 2255* in *U.S. v. Bell, 46 F.3d 442 (5th Cir. 1995)* King was sentenced in 1982. *Bell* was decided in 1995.

King and the defendant in *Bell* involve federal sentences imposed by state courts for the same conduct. In *Bell,* the defendant requested that his federal sentence run concurrently with his state sentence. The Government opposed his request. The appeals court agreed with the defendant that his federal sentence must run concurrently with his state sentence.

The appeals court ordered the district court to run the federal sentence concurrently with the defendant's state sentence. The appeals court held that the defendant's sentence should run concurrently. The appeals court stopped the dual prosecution of a defendant in state and federal court for the same criminal conduct. *Bell, 46 F.3d 442, 446*

*Bell* applies to King, because he was prosecuted in state and federal court for the same conduct. The state and federal charges arose from the same conduct. King requests that the court correct, modify or dismiss his federal sentence. According to *Bell*, King's federal sentence ran concurrently with his twenty-nine (29) years to life sentence imposed on June 1981 by the California Superior Court.

2) <u>Violation of Fourth Amendment</u>

The Fourth Amendment to the U.S. Constitution protects King's right to be free from unreasonable government intrusion. The Fourth Amendment states,

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The Fourth Amendment is a legal safeguard to ensure that law enforcement officers do not interfere with King's Fourth Amendment rights. The Amendment safeguards King during searches and prevents unlawfully seized items from being used as evidence in criminal cases. The law enforcement officer in King's case violated King's constitutional rights under the Amendment. That law enforcement officer's search and seizure was unlawful. All evidence derived from that search and seizure could not be used in any criminal case against King. Any use violated King's right. The law enforcement officer searched King's home in violation of his Fourth Amendment rights. No search warrant was issued. No special circumstances justified the search. Evidence obtained as a result of the search cannot be used in a criminal case.

The law enforcement officer in King's case was Inspector Napoleon Hendrix. The first residence was located at 215 West MacArthur, Oakland, CA. Hendrix was on duty at the time of the search. Hendrix testified that the resident of the first home waived 4th Amendment right to allow Inspector Hendrix to search home. Hendrix presented the illegally seized evidence in both the federal and state trials. The People used the same evidence to convict King. King was not in the first residence when searched. However, the search and seizure was unlawful because King was not in the first residence when it was searched.

The warrant issued for the second residence listed an incorrect address for King. Hendrix knew it was not King's address. Hendrix followed King for years, and knew King's exact address. Hendrix made a DMV inquiry. But, Hendrix did not obtain a proper warrant. Therefore, Hendrix's illegal search and seizure violated King's right. Evidence obtained as a

result of the search should not have been used to obtain a conviction against King. Hendrix searched two residents and illegally seized evidence used against King. Hendrix's illegal search and seizure violated King's right. Hendrix did not obtain a proper warrant.

3) <u>Violation of Fifth Amendment - Double Jeopardy</u>

The Fifth Amendment contains a "Double Jeopardy Clause". It states that no person shall be subject for the same offense to be twice put in jeopardy of life or limb. King was placed in legal jeopardy. The jeopardy ended. The government could not continue to pursue a prosecution against King for the same crime, because of the rule against double jeopardy.

The Supreme Court in *Blockburger v. United States*, established the *Blockburger* Test. The test applies to prosecuting an individual for more than one criminal offense stemming from a single course of conduct. And, each offense requires proof of a fact the other does not. Each element of each offense is examined as they are delineated by statute, without regard to the actual evidence that will be introduced at trial. The prosecution has the burden of demonstrating that each offense has at least one mutually exclusive element. If any one offense is completely subsumed by another, the two offenses are deemed the same, and punishment is allowed only for one. Courts are barred from successive prosecutions for a single offense.

Hendrix was designated as the investigating officer. He was the primary investigator. He assisted with the marshaling of the witnesses and evidence. The federal and state cases both used Hendrix's illegally seized evidence. Hendrix presented the illegally seized evidence in both the federal and state trials. Hendrix's illegally seized evidence was used to convict King.

Tony Tamburello represented King in the first trial in the matter of People v. Darrel King in the year 1980 which ended in a mistrial in the San Francisco Superior Court. He did

not represent King in the retrial, resulting in his conviction for murder. He reviewed the habeas pleadings filed by King. He provided a declaration detailing some of the facts of this case.

Based upon pretrial motions, the San Francisco Superior Court dismissed the case. King and Tamburello exited the courtroom. Inspector Hendrix approached King. In an angry and agitated voice, Hendrix promised to "get him one way or another." This conduct and statement surprised Tamburello. Hendrix was unprofessional and this disturbed King.

On April 30, 2018, Tony Tamburello prepared and filed a declaration with this court stating, "I, Tony Tamburello, am an attorney duly licensed to practice law in the State of California and in the United States District Court for the Northern District. I am an experienced criminal defense attorney and I am a member of the CJA (Criminal Justice Act) panel and I have accepted appointment in complex criminal cases, including capital cases. Since 1981 I have tried many criminal cases to verdict. Similarly, I have tried a greater number of criminal matters to verdict in the San Francisco Superior Court, both as retained and appointed counsel in a range of matters including homicide cases. I am an attorney in good standing and I am the recipient of the Gideon Award for extraordinary advocacy awarded by the San Francisco Public Defender and Bar Association of San Francisco in 2013." (Document #255, Declaration of Tony Tamburello, ("DTT"), pg. 1, lines 18-25)

"I represented Darrel King in the first trial in the matter of People v. Darrle King in the year 1980 which ended in a mistrial in the San Francisco Superior Court. I did not represent Mr. King in the retrial, resulting in his conviction for murder. I have reviewed the habeas pleadings filed by Mr. King who has asked that I provide a declaration detailing some of the facts of this case and I am happy to do so, as it may be of assistance to this court." (DTT, pg. 2, lines 1-6)

"I came to know Inspector Napoleon Hendrix well, especially while he was assigned to

the narcotics detail with the San Francisco Police Department. I represented many clients in matters investigated by Inspector Hendrix, including but not limited to Darrel King. One case in particular stands out in my memory involving both Darrel King and Inspector Hendrix. This case preceded the matter underlying this habeas proceeding. Based upon pretrial motions, the San Francisco Superior Court dismissed the case, and as we exited the courtroom, Inspector Hendrix approached Mr. King in my presence and in an angry and agitated voice, promised to "get him one way or another." This conduct and statement surprised me and I found it to be highly unprofessional and disturbing." (DTT, pg. 2, lines 8-14)

"I regret that I do not currently have access to transcripts in the case which I tried on behalf of Mr. King following this disturbing hallway encounter, but my memory is indelible regarding an additional and more fantastical event which occurred during the first murder trial of Darrel King in 1980. I should also note that Inspector Hendrix was designated as the investigating officer, meaning that he was the primary investigator and assisted with the marshaling of the witnesses and evidence." *(DTT, pg. 2, lines 15-19)*

4) <u>Violation of Fifth Amendment - Collateral Estoppel</u>

Collateral estoppel prevents relitigating King's ultimate factual issues previously determined in his state case in a later federal case. The federal Courts are estopped by punishing King. The jury in King's state case addressed the same course of conduct.

King served 38 years in state prison. On June 27, 2019, the state of California granted King parole. On November 27, 2019, Kings was released from state custody.

King is serving double the time for the same crime. King should be released from Federal custody. King's federal custody constitutes double jeopardy.

5) <u>6th Amendment- Right to Confront Witness</u>

Hendrix was the designated investigator. Hendrix marshaled the evidence and determined the witnesses. Hendrix's conduct denied King's right to confront important witnesses.

Wayne Brown and Carl Gayden were two narcotics officers. Hendrix picked Brown and Gayden. Both pled the 5th Amendment. Yet, the court allowed their testimony.

Hendrix's conduct denied King's right to confront witness "Mrs. Williams." The trial court erred in allowing Mrs. Williams' testimony. It denied King's right to confront and his right to cross-examine witness Mrs. Williams.

At trial, King represented himself as pro se. He objected continuously to Mrs. Williams' hearsay testimony. King objected to Mrs. Williams' testimony on the grounds of hearsay and his right to confront witnesses. The Court allowed testimony from Mrs. Williams.

The Court did not inquiry into what efforts the prosecution made to maintain contacts with the informant. The prosecution did no due diligence to locate Mrs. Williams.

Tamburello's declaration states, "While I found this all to be shocking and unprecedented at the time, in a subsequent proceeding involving different defendants but the same Inspector and the informant remuneration program, the convictions were reversed. Following the reversal of conviction a settlement was reached in a 45 USC§ 1983 action awarding John Tennison $4.5 million for violation of his civil rights at trial."

Tamburello's declaration states, "During trial, a female witness was called to testify that she was at a party attended by many, including Darrel King and his lawyer that she identified as

Defendant Darrel King's Motion - Pursuant to 28 U.S.C. § 2255

7

me. She testified further that party attendants were buying, selling and using drugs and that she observed that I was dancing on a table top, naked and using drugs. I was dumbfounded and shocked by this testimony offered by someone I had never seen before; I was therefore required to testify, denying of course, this ludicrous testimony. The court permitted me to act as both counsel and witness, an unlikely ruling today. This witness was a paid informer that received monetary remuneration through Inspector Hendrix's efforts." (DTT, pg. 2, lines 19-25)

Tamburello said, "I am troubled to this day that any member of law enforcement would stoop so low as to try to discredit a defendant's lawyer in order to gain an advantage at trial. Regrettable, many in the criminal justice community understood too late that there appeared to be a pattern of behavior, particular to Inspector Hendrix that would not be tolerated today and should not have been tolerated at the time. I declare under penalty of perjury that the forgoing is true and correct and to the extent the matters contained herein are predicated on information and belief, I believe them to be true. Executed this 30th day of April, 2018 at San Francisco, CA." (DTT, pg. 3, lines 11-17)

## CONCLUSION

King asks the Court to grant his motion and correct, modify, or dismiss his case. The federal sentence ran concurrently with the case from the California Superior Court. Mr. King has spent thirty-eight (38) years in custody, I ask the court to throughly review this case.

DATED: March 2, 2020         LAW OFFICE OF GEORGE H. JONES

By: _____
George H. Jones, Attorneys for
Defendant, Darrel King

## Declaration of Darrel King

I, George H. Jones, declare as follows:

1. I am the defendant is this matter and if called testify regarding the facts in this case, I would testify to the facts below.
2. On June 27, 2019, the California Board of Parole Hearings (B.PH.) granted me parole after I served thirty-eight (38) continuous years.
3. I ask the court to set bail and issue a stay until the 1982 federal sentence is resolved. I also request that the court vacate, set aside or correct his sentence.
4. I believe my request is appropriate. The prosecution did not locate a material witness. Hearsay testimony was misused and improperly admitted as a co-conspirator's statement. My Fourth, Fifth and Sixth Amendment rights were violated.
5. The law enforcement officer in my case was Inspector Napoleon Hendrix. He illegally searched and seized evidence.
6. Hendrix searched two residents and illegally seized evidence used against me.
7. Hendrix violated my right when he searched the first residence without a warrant. The first residence was located at 215 West MacArthur, Oakland, CA.
8. Hendrix was on duty at the time of the search. Hendrix testified that the resident of the first home waived 4th Amendment right to allow Inspector Hendrix to search home.
9. Hendrix presented the illegally seized evidence in both the federal and state trials. The People used the same evidence to convict me.
10. I was not in the first residence when searched.
11. The second warrant listed an incorrect address for me. Hendrix knew it was not my address. Hendrix followed me for years, and knew my exact address.
12. Hendrix made a DMV inquiry. But, Hendrix did not obtain a proper warrant.
13. Hendrix's illegal search and seizure violated my right.
14. Hendrix was designated as the investigating officer. He was the primary investigator.

He assisted with the marshaling of the witnesses and evidence.

15. The federal and state cases both used Hendrix's illegally seized evidence. Hendrix presented the illegally seized evidence in both the federal and state trials. Hendrix's illegally seized evidence was used to convict me.

16. Tony Tamburello represented me in the first trial in the matter of People v. Darrel King in the year 1980 which ended in a mistrial in the San Francisco Superior Court. He did not represent me in the retrial, resulting in my conviction for murder. He provided a declaration detailing some of the facts of this case.

17. Based upon pretrial motions, the San Francisco Superior Court dismissed the case. I and Tamburello exited the courtroom.

18. Inspector Hendrix approached me. In an angry and agitated voice, Hendrix promised to get me one way or another.

19. This surprised me. Hendrix was unprofessional and this disturbed me.

20. On June 27, 2019, the state of California granted me parole.

21. On November 27, 2019, California released me from state custody.

22. King is serving double the time for the same crime.

23. I should be released from Federal custody. My federal custody is double jeopardy.

24. Hendrix was the designated investigator.

25. Hendrix marshaled the evidence and determined the witnesses. Hendrix's conduct denied my right to confront important witnesses.

26. Wayne Brown and Carl Gayden were two narcotics officers. Hendrix picked Brown and Gayden. Both pled the 5th Amendment. Yet, the court allowed their testimony.

27. Hendrix's conduct denied my right to confront witness "Mrs. Williams." The trial court erred in allowing Mrs. Williams' testimony. It denied my right to confront and his right to cross-examine witness Mrs. Williams.

28. At trial, I represented myself as pro se. I objected continuously to Mrs. Williams' hearsay testimony. I objected to Mrs. Williams' testimony on the grounds of hearsay and his right to confront witnesses. The Court allowed testimony from Mrs. Williams.

Defendant Darrel King's Motion - Pursuant to 28 U.S.C. § 2255

10

29. The Court did not inquiry into what efforts the prosecution made to maintain contacts with the informant. The prosecution did no due diligence to locate Mrs. Williams.

30. I ask the Court to grant his motion and correct, modify, or dismiss his case.

31. The federal sentence ran concurrently with the case from the California Superior Court.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: March 2, 2020          By: _____
                                   Darrel King, Declarant

Z:\Clients Files\King, Darrel\King, Darrel- Motion 2255 - 2-24-20.wpd

LAW OFFICE OF TONY TAMBURELLO  SBN 48073
TONY TAMBURELLO
214 Duboce Avenue
San Francisco, CA 94103
(415) 431-4500
(415) 255-8631
ttduboce@mindspring.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CASE No. CR-81-311-LHB (RS) |
| ) | |
| Plaintiff ) | DECLARATION BY |
| ) | TONY TAMBURELLO |
| v. ) | |
| ) | |
| DARREL KING, ) | |
| ) | |
| Defendant ) | |

## DECLARATION OF TONY TAMBURELLO

I, Tony Tamburello, am an attorney duly licensed to practice law in the State of California and in the United States District Court for the Northern District. I am an experienced criminal defense attorney and I am a member of the CJA (Criminal Justice Act) panel and I have accepted appointment in complex criminal cases, including capital cases. Since 1981 I have tried many criminal cases to verdict. Similarly, I have tried a greater number of criminal matters to verdict in the San Francisco Superior Court, both as retained and appointed counsel in a range of matters including homicide cases. I am an attorney in good standing and I am the recipient of the Gideon Award for extraordinary advocacy awarded by the San Francisco Public Defender and Bar Association of San Francisco in 2013.

**Declaration of Tony Tamburello**
**CR-81-311-LHB (RS)**

1

I represented Darrel King in the first trial in the matter of People v. Darrle King in the year 1980 which ended in a mistrial in the San Francisco Superior Court. I did not represent Mr. King in the retrial, resulting in his conviction for murder.

I have reviewed the habeas pleadings filed by Mr. King who has asked that I provide a declaration detailing some of the facts of this case and I am happy to do so, as it may be of assistance to this court.

I came to know Inspector Napoleon Hendrix well, especially while he was assigned to the narcotics detail with the San Francisco Police Department. I represented many clients in matters investigated by Inspector Hendrix, including but not limited to Darrel King. One case in particular stands out in my memory involving both Darrel King and Inspector Hendrix. This case preceded the matter underlying this habeas proceeding. Based upon pretrial motions, the San Francisco Superior Court dismissed the case, and as we exited the courtroom, Inspector Hendrix approached Mr. King in my presence and in an angry and agitated voice, promised to "get him one way or another." This conduct and statement surprised me and I found it to be highly unprofessional and disturbing.

I regret that I do not currently have access to transcripts in the case which I tried on behalf of Mr. King following this disturbing hallway encounter, but my memory is indelible regarding an additional and more fantastical event which occurred during the first murder trial of Darrel King in 1980. I should also note that Inspector Hendrix was designated as the investigating officer, meaning that he was the primary investigator and assisted with the marshaling of the witnesses and evidence. During trial, a female witness was called to testify that she was at a party attended by many, including Darrel King and his lawyer that she identified as me. She testified further that party attendants were buying, selling and using drugs and that she observed that I was dancing on a table top, naked and using drugs. I was dumbfounded and shocked by this testimony offered by someone I had never seen before; I was therefore required to testify, denying of course, this ludicrous testimony. The court permitted me to act as both counsel and witness, an unlikely ruling today. This witness was a paid informer that received monetary remuneration through Inspector Hendrix's efforts.

**Declaration of Tony Tamburello**
**CR-81-311-LHB (RS)**

2

While I found this all to be shocking and unprecedented at the time, in a subsequent proceeding involving different defendants but the same Inspector and the informant remuneration program, the convictions were reversed. Following the reversal of conviction a settlement was reached in a 45 USC§ 1983 action awarding John Tennison $4.5 million for violation of his civil rights at trial. See: *https://sfgate.com/crime/article/S-F-may-pay-freed-man-4-5-million-settlement-3296315.php* and the 9th Circuit related opinion on summary judgement: JOHN TENNISON, ANTOINE GOFF, Plaintiffs-Appellees, v. CITY AND COUNTY OF SAN FRANCISCO, San Francisco Police Department, Defendants, George Butterworth, Defendant, Prentice Earl Sanders, Napoleon Hendrix, Defendants-Appellants. No. 6-15426 Reprinted as amended at *Tennison v. City & County of San Francisco, 2009 U.S. App. LEXIS 13885 (9th Cir. Cal., June 23, 2009)* & *Tennison v. City & County of San Francisco, 548 F.3d 1293, 2008 U.S. App. LEXIS 24654 (9th Cir. Cal., 2008)*)

I am troubled to this day that any member of law enforcement would stoop so low as to try to discredit a defendant's lawyer in order to gain an advantage at trial. Regrettable, many in the criminal justice community understood too late that there appeared to be a pattern of behavior, particular to Inspector Hendrix that would not be tolerated today and should not have been tolerated at the time.

I declare under penalty of perjury that the forgoing is true and correct and to the extent the matters contained herein are predicated on information and belief, I believe them to be true. Executed this 30th day of April, 2018 at San Francisco, CA.

/S/
_____
TONY TAMBURELLO

**Declaration of Tony Tamburello**
CR-81-311-LHB (RS)

3

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is 816 H Street, Suite #108, Sacramento, CA 95814.

On March 3, 2020, I served the foregoing document(s) described as:

Defendant Darrel King's Motion to Vacate 2255

on the interested parties in this action by placing [ ] the original [x] a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

United States Attorneys' Office
David L. Anderson, Esq.
450 Golden Gate Avenue
San Francisco, CA 94102

[x]  I deposited such envelope in the mail at 816 H Street, Suite #108, Sacramento, CA 95814. The envelope was mailed with postage thereon fully prepaid.

[x]  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of service and is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[x]  (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[x]  (Federal)  I declare under penalty of perjury under the laws of the State of California

That the above is true and correct.

Executed on March 3, 2020, at Sacramento, California

_____
Declarant