UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>DARREL KING,<br><br>Defendant. | Case No. 81-cr-00311-RS-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

Until recently, federal prisoners could not move for compassionate release. From 1976 to 1984, Chapter 311 of Title 18 of the United States Code—specifically, provision § 4205(g)—committed that function exclusively to the Bureau of Prisons ("BOP"), which, by bringing such a motion, triggered the court's near-plenary power to "reduce any minimum term to the time the defendant has served." Parole Commission and Reorganization Act of 1976, Pub. L. No. 94-233, § 2, 90 Stat. 219, 223 (1976) (codified as 18 U.S.C. § 4205(g)) (repealed 1984). With the 1984 passage of the Sentencing Reform Act ("SRA"),[1] Congress modestly tweaked this arrangement: while § 4205(g) (along with the rest of Chapter 311) was repealed, a similar provision took its place. Sentencing Reform Act of 1984, Pub. L. No. 98-473, §218(a)(5), 90 Stat. 1837, 2027

---

[1] Discussed here principally in connection with the evolution of federal compassionate release, the SRA is best known for "largely abolish[ing]" federal parole "and replac[ing] it with supervised release . . . ." *United States v. Kincaid*, 379 F.3d 813, 817 n.2 (9th Cir. 2004) (internal quotation marks omitted).

1 (1984) (repealing Chapter 311). Thus, beginning in 1984, Chapter 227 of Title 18 of the United States Code—specifically, provision § 3582(c)(1)(A)—carried forward the BOP's sole authority to move for compassionate release, but cabined the court's consideration of any such motion to discrete, statutorily-enumerated factors. Sentencing Reform Act of 1984, Pub. L. No. 98-473, § 212(a)(2), 90 Stat. 1837, 1998-99 (1984) (codified, prior to amendment, as 18 U.S.C. § 3852(c)(1)(A)).

This framework held until 2018, when Congress, through the First Step Act ("FSA"), revisited § 3582(c)(1)(A) with an amendment that was anything but modest. Following the FSA, federal inmates may now, after unsuccessfully petitioning the BOP to bring a compassionate release motion on their behalf, simply bring a motion of their own. The First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (currently codified, as amended, as 18 U.S.C. § 3582(c)(1)(A)). While guessing at Congressional intent can be tricky business, one might venture to do so with the FSA's § 3582(c)(1)(A) amendment: it is titled "Increasing the Use and Transparency of Compassionate Release." *Id.*

If the legislative story ended there, this order might release Darrel King ("King") from federal custody. King is, after all, a strong candidate: he is 77 years old, and highly vulnerable to COVID-19; has just begun, upon release from 38 years in California prison, a 45-year federal sentence imposed in 1982; and has a wife who is struggling with cancer. Yet the story does not end there. To the contrary, and returning to 1984, it diverges. Although the SRA replaced § 4205(g) with § 3582(c)(1)(A), it did not—for whatever reason—make the latter provision retroactive. Instead, it swept compassionate release up into what has been termed an "old law" and "new law" dichotomy: whereas the SRA's innovations became available to individuals sentenced for offenses committed after the SRA came into effect, pre-SRA offenders remained largely subject to the "old law." *See* Sentencing Act of 1987, Pub. L. No. 100-182, § 2(a), 101 Stat. 1266 (1987) (amending the SRA to clarify that, in all but a few respects, it "shall apply only to offenses committed after" its effective date); *see also Wade v. Warden Fairton FCI,* 773 F.App'x 106, 107 n.2 (3rd Cir. 2019) ("[P]re-SRA sentences are referred to as 'old law' sentences, while sentences

imposed following the effective date of the SRA are referred to as 'new law' sentences."). After a brief period of indecision, Congress eventually set the SRA's effective date as November 1, 1987. *Compare* Sentencing Reform Act of 1984, Pub. L. No. 98-473, § 235(a), 98 Stat. 1837, 2031 (1984) (providing that the SRA "shall take effect on the first day of the first calendar month beginning twenty-four months after" October 12, 1984), *with* Sentencing Reform Amendments Act of 1985, Pub. L. No. 99-217, § 4, 99 Stat. 1728 (1985) (changing the SRA's effective date to thirty-six months after its enactment—that is, to November 1, 1987).

At first, Congress apparently only envisioned this dual-regime structure enduring for a period of five years. Sentencing Reform Act of 1984, Pub. L. No. 98-473, § 235(b)(1)(A), 98 Stat. 1837, 2031 (1984) (leaving Chapter 311 of 18 U.S.C. in place for pre-SRA offenders "for five years after the effective date" of the SRA). Over the intervening decades, though, the distinction has acquired, for want of a better phrase, a sort of permanent impermanence. In 1990, "five years" became "ten years," *see* Federal Courts Study Implementation Act of 1990, Pub. L. No. 101-650, § 316, 104 Stat. 5089, 5115 (1990); in 1996, "ten years" became "fifteen years," *see* Parole Commission Phaseout Act of 1996, Pub. L. No. 104-232, § 2(a), 110 Stat. 3055 (1996); in 2002, "fifteen years" became "eighteen years," *see* 21st Century Department of Justice Appropriations Authorization Act, Pub. L. No. 107-273, § 11017 (a), 116 Stat. 1758, 1824 (2002); and so on, and so on. Most recently, in October 2020 (nearly two years *after* the FSA, and a single month before King filed the instant motion), Congress elected, for the tenth time, to keep the "old law" alive. Pursuant to the United States Parole Commission Extension Act of 2020, "chapter 311 of title 18, United States Code"[2] now governs compassionate release of pre-SRA offenders through 2022. Pub. L. No. 116-159, § 4202, 134 Stat. 709, 741 (2020).

Because King, who was sentenced in 1982, is a pre-SRA offender, his motion cannot stand. More accurately, it ought not even be heard: Congress has precluded King from bringing the motion in the first place. By the express terms of one duly enacted federal law,

---

[2] The chapter that, to reiterate, contains § 4205(g).

§ 3582(c)(1)(A) "shall apply only to offenses committed after" November 1, 1987. Sentencing Act of 1987, Pub. L. No. 100-182, § 2(a), 101 Stat. 1266 (1987). By the unambiguous language of another, as amended well after the FSA's bolting of a prisoner-movant mechanism onto § 3582(c)(1)(A), § 4205(g) "remain[s] in effect" for King. Sentencing Reform Act of 1984, Pub. L. No. 98-473, § 235(b)(1)(A), 98 Stat. 1837, 2031 (1984) (as amended by United States Parole Commission Extension Act of 2020, Pub. L. No. 116-159, § 4202, 134 Stat. 709, 741 (2020)). No amount of argument in this forum—of interpretative elbow grease,[3] or invectives against the BOP[4]—can disturb this state of affairs. Moreover, while harmonizing the curious splintering of the "old" and "new" law would seem to be a worthy endeavor, it remains a task which only Congress can perform. Until then, however, § 3582(c)(1)(A) remains off limits to elderly inmates in King's position. Accordingly, his motion must be denied.

**IT IS SO ORDERED**.

Dated: December 23, 2020

RICHARD SEEBORG
United States District Judge

---

[3] King, for instance, points to granular differences between the FSA's amendment of § 3582(c)(1)(A) and its amendment of other SRA provisions, in support of the notion that the FSA implicitly repealed § 3582(c)(1)(A)'s temporal applicability requirement. That argument, which recently has been considered and rejected elsewhere in this district, cannot overcome the force of clear Congressional mandates. *See United States v. Whitmore,* 2020 WL 4226515, at *4-*5 (N.D. Cal. July 23, 2020) (collecting cases) (joining "every court that has considered the question" to find "that the FSA version of § 3582(c) does not apply to defendants whose offenses took place before November 1, 1987").

[4] King also urges that the BOP's view of the matter, as expressed in a regulation which the government cites in its opposition papers, is entitled to scarce, if any, judicial deference. *See generally* 28 C.F.R. § 572.40 ("18 U.S.C. § 4205(g) was repealed effective November 1, 1987, but remains the controlling law for inmates whose offenses occurred prior to that date."). Crediting King's skepticism of the BOP's legal acumen to the fullest extent possible, this order draws from the law itself, rather than any agency's understanding of it.