UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA, <br>           Plaintiff, <br>    v. <br> DARREL KING, <br>           Defendant. | Case No. 81-cr-00311-RS-1 <br><br> **ORDER DENYING RENEWED MOTION FOR COMPASSIONATE RELEASE** |

Defendant Darrel King asks the Court to review and reconsider an earlier decision denying King compassionate release, pointing to the recent decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022).

The Court's December 23, 2022 order explained that although King would be a "strong candidate" for release, the dual-regime structure that Congress enacted and maintained for compassionate release—whereby Congressional amendments to 18 U.S.C. § 3582(c)(1)(A) were not retroactively applied to individuals sentenced before November 1, 1987—precluded King from bringing such a motion of his own accord. *See* Dkt. 278 at 2-3. The 9th Circuit subsequently affirmed, concluding that "the law is clear" that "Section 3582 only extends to prisoners who offended on or after November 1, 1987," and that King was subject to 18 U.S.C. § 4205(g), under which any request for compassionate release must be initiated by the Bureau of Prisons. *United States v. King*, 24 F.4th 1226, 1231-32 (9th Cir. 2022).

Regrettably, *Conception* does not disturb this conclusion. *Conception*'s central holding—

that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act," *Conception*, 142 S. Ct. at 2404—was discussed in the context of the discretion that judges have in resentencing under the First Step Act (FSA). However, that does not bear on the threshold question of whether a motion for compassionate release can be heard in the first place. Indeed, *Conception* reminds that "[t]he only limitations on a court's discretion to consider any relevant materials at an initial sentencing or in modifying that sentence are those set forth by Congress in a statute or by the Constitution." *Id.* at 2400. Congress chose not to make the Sentencing Reform Act retroactive; Congress also chose to extend the "old law" (18 U.S.C. § 4205(g), as contained in Chapter 311 of Title 18 of the United States Code) through 2022 with the United States Parole Commission Extension Act of 2020. Pub. L. No. 116-159, § 4202, 134 Stat. 709, 741 (2020). Perhaps things will be different in the new year; but for now, these are unambiguous limitations that foreclose judicial discretion on the issue.

So constrained, the Court has no choice but to repeat its denial of compassionate relief. In doing so, however, we echo the urging for Congress to correct this "harsh and arguably unjust" situation: "it makes little sense to deny old law defendants the option of moving for compassionate release," as "[t]hese defendants are presumably older on average . . . and would seem to be more likely to need compassionate release"; and there is evidence that the FSA's sponsors believed that § 3582(c)(1)(A) compassionate release motions could be brought by new and old law defendants alike. *See United States v. Whitmore*, 2020 WL 4226515, at *6-7 (N.D. Cal. July 23, 2020).

**IT IS SO ORDERED**.

Dated: October 6, 2022

_____
RICHARD SEEBORG
Chief United States District Judge