UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DARREL KING,<br>Defendant. | Case No. 81-cr-00311-RS-1<br><br>**ORDER DENYING "PETITION FOR THE REDUCTION OF TIME."** |

In 1982, defendant Darrel King was sentenced to forty-five years of incarceration as a result of his conviction on federal drug trafficking crimes. King did not begin serving that sentence until 2019, however, following his completion of a state court prison term. In 2020, King brought a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). King's motion was denied on grounds that he was ineligible to seek relief under that provision, because his offenses predated the effective date of that statute. *See* Dkt. No. 278.

The Ninth Circuit affirmed in a published opinion. The appellate court explained:

> [W]e hold that inmates who committed crimes before November 1, 1987, cannot move for compassionate release pursuant to 18 U.S.C. § 3582(c)(1), as amended by the FSA.[1] These prisoners are instead subject to the Sentencing Reform Act (SRA), Pub. L. No. 98-473,

---
[1] First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

> 98 Stat. 1837 (1984) and can gain compassionate release only if the Bureau of Prisons (BOP) requests it on the prisoner's behalf under 18 U.S.C. § 4205(g).

*United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022).

In 2022, King submitted a letter (Dkt. No. 283) asking the court to review and reconsider the prior ruling, pointing to the recent decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022). Relief was denied on grounds that *Concepcion* did not invest courts with discretion to apply § 3582(c)(1) to so-called "old law" inmates. *See* Dkt. No. 284.

King has now filed a "Petition for the Reduction of Time," again arguing the court can and should order his release under § 3582(c)(1) or any other applicable authority. The court, however, remains without discretion to grant relief, for the reasons explained in the prior orders and in the Ninth Circuit's opinion.[2]

That said, as noted in prior orders, there are good reasons Congress should consider eliminating the distinction between "old law" and "new law" inmates in this context. *See* Dkt. 278 at p. 3-4; Dkt. No. 284, p. 2 ("The Court has no choice but to repeat its denial of compassionate relief. In doing so, however, we echo the urging for Congress to correct this 'harsh and arguably unjust' situation," (citing *United States v. Whitmore*, 2020 WL 4226515, at *6-7 (N.D. Cal. July 23, 2020)). Unless and until Congress does so, however, inmates in King's position may obtain compassionate release only where BOP requests it on the prisoner's behalf under 18 U.S.C. § 4205(g).

Because the court lacks jurisdiction to grant compassionate release on King's motion, it has made no determination as to whether King ultimately should be released from custody on

---

[2] Congress has continued extending the "old law," 18 U.S.C. § 4205(g), that applies to inmates in King's position. In opposing King's current motion, the government incorrectly asserts the most recent extension was effected by Pub. L. 118-22, Div. A., §101(5). That error, however, is of no consequence because the presently operative statute is Pub. L. 118-83, Div. A, § 121, which extended the applicability of the "old law" to "thirty-seven years and 355 days" after Nov. 1, 1987, meaning the "old law" remains in effect until at least November of this year.

compassionate grounds, or what conditions on any such release should be imposed. As noted previously, however, King would be "a strong candidate," given his age, health issues, and the length of time he has already served in state and federal custody. Although COVID-19 may not present the same concerns at it did when King first sought compassionate relief, he is now into his 80's, and still presents a compelling case for relief.

    King's motion must be denied for the reasons stated above. The U.S. Attorney is directed, however, to provide a copy of this order to the appropriate person(s) in the BOP. The BOP is requested to review King's circumstances and to consider whether it would be appropriate to file a motion seeking his release under 18 U.S.C. § 4205(g). In the event the BOP has filed no such motion within 120 days of the date of this order, the U.S. Attorney shall file a status report.

**IT IS SO ORDERED**.

Dated: February 18, 2025

_____
RICHARD SEEBORG
Chief United States District Judge