1

2

3

4

5

6

7                                UNITED STATES DISTRICT COURT

8                              NORTHERN DISTRICT OF CALIFORNIA

9

10      UNITED STATES OF AMERICA,                Case No.  81-cr-00311-RS-1
                        Plaintiff,

11

12             v.                                **ORDER GRANTING
                                                 COMPASSIONATE RELEASE**
        DARREL KING,
13

                        Defendant.
14

15

16             In 1981, defendant Darrel King[1] was convicted in California state court of several crimes,

17      the most serious of which was first degree murder. Described in contemporaneous news reports as

18      a "drug kingpin," King allegedly killed the victim for interfering in his reputed heroin-trafficking

19      operation. For his state law crimes, King was given a sentence of 27 or 29 years to life.[2]

20             Following his state court conviction, King was tried and convicted in this court

21      on six counts of federal drug trafficking offenses under 21 U.S.C. § 841(a)(1), as well as a seventh

22      count of engaging in a Continuing Criminal Enterprise under 21 U.S.C. § 848. *See* Dkt. No. 242,

23      Ex. A (Judgment and Probation/Commitment Order). On February 22, 1982, King received three

24

25      [1] In his recent filings, King spells his first name as Darrell. In prior filings he has sometimes
        spelled it with one L and sometimes with two. The court will continue using the form that appears
26      in the docket, intending no disrespect if the correct spelling differs.

27      [2] The record is unclear whether the minimum term was 27 or 29 years. That uncertainty is
        immaterial to the present issues.
28

*United States District Court*
*Northern District of California*

1    consecutive 15-year sentences for Counts One through Three of the indictment, three additional

2    concurrent 15-year sentences for Counts Four through Six, and a concurrent 45-year sentence for

3    Count Seven, for a total sentence of 45 years. *Id.*

4         King was imprisoned by the state of California for approximately 38 years, from his

5    conviction in 1981, until his parole in 2019. At that time, King was transferred to federal custody,

6    where he finally began serving the 45-year federal sentence originally imposed in 1982. King has

7    therefore served only six years of his federal sentence. King is now at least 81 years old.[3] His

8    projected release date, applying the maximum available statutory good time credit, is February 12,

9    2050, when he would be at least 106 years old.

10         The seriousness of King's crimes, both state and federal, cannot be understated or

11    discounted. The state of California, however, which evaluated King's guilt and determined the

12    appropriate punishment for first degree murder, has concluded he served the appropriate amount

13    of time for the state law crimes. This federal court adjudicated King's culpability for separate

14    crimes, although the events may have been factually related. The court found it appropriate to

15    sentence King to 45 years for those crimes.

16         The government reports the Bureau of Prisons takes the position that King would never be

17    eligible for parole, because a sentence under 21 U.S.C. § 848 is "non-parolable." Because King

18    has only served approximately six years in federal custody, he would not be eligible for parole in

19    the near future in any event, under ordinary circumstances. King's federal sentence was, however,

20    always eligible for reduction through good time credits, which is why his projected release date

21    reflects only 31 years of federal custody, rather than the full 45 years.

22         In one sense, the fact that King was unable to begin serving his federal sentence for

23    approximately 38 years is the result of his own choices to commit both state and federal crimes.

24    Indeed, when King was sentenced, the federal court presumably was aware that the 45 years

25    would not begin to run until and unless he was released from state custody. The federal court may

26

27    [3] Again, the record is not entirely clear and there is some indication King may be as old as 83.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1    have also assumed, however, that the length of the federal sentence might prove irrelevant, given

2    that King would potentially serve a life sentence in state prison.

3    Even assuming there is nothing intrinsically or theoretically unjust about requiring King to

4    serve a lengthy federal sentence that did not even start to run for nearly four decades following his

5    conviction, the unique circumstances here call for King's multiple requests for so-called

6    "compassionate release" now to be granted.[4] As explained in prior rulings, King previously has

7    been subject to the so-called "old law" regime. Because the federal crimes for which he was

8    convicted took place prior to November 1, 1987, King's eligibility for so-called "compassionate

9    release" has, prior to now, been governed by 18 U.S.C. § 4205(g), which required the Bureau of

10    Prisons to initiate any motion for such release; an inmate could not petition the court directly

11    under the "new law" procedures set out in 18 U.S.C. § 3582(c)(1)(A).

12    As noted in prior orders, § 4205(g) was repealed in 1984, but has remained in effect with

13    respect to "old law" prisoners, as the result of a series of Congressional enactments. *See* Order,

14    entered December 23, 2020, Dkt. No. 278 (recounting statutory history). The final Congressional

15    extension of the "old law" regime, however, expired on October 31, 2025. *See* Pub.L. 119-4, Div.

16    A, Title I, § 1115, Mar. 15, 2025, 139 Stat. 15; *see also*, Dkt. No. 299, p. 14 ("it is the

17    government's understanding that the current extension will expire on October 31, 2025). Thus, at

18    this point in time, so-called "old law" inmates can no longer seek compassionate release under §

19    4205(g).[5]

20    The government contends the expiration of the "old law" and the finality of the repeal of

21    § 4205(g) does not mean King is now eligible for relief under 18 U.S.C. § 3582(c)(1)(A). The

22    government understandably points to case law and statutory language supporting the proposition

23

24    [4]  For a summary of the prior procedural history, see Order filed July 10, 2025, Dkt. No. 296.

25    [5] That the BOP denied King's request for compassionate release earlier this year is not material.
26    Because the "old law" regime is no longer in effect, and the repeal of § 4205(g) is finally in effect,
     King would be precluded from seeking relief under the "old law" procedures even under changed
27    circumstances.

28

that relief under 18 U.S.C. § 3582(c)(1)(A) simply is not available for those whose offenses occurred prior to November 1, 1987, given that the Sentencing Reform Act of 1984, was made effective as of that date. That statutory language, however, and the cases construing it, arose in the context where Congress had explicitly provided § 4205(g) would continue to govern "old law" inmates.

At this juncture, Congress has allowed § 4205(g) to lapse. Because the lapse likely was caused by the failure to reach agreement on wholly unrelated budgetary issues, it is difficult to discern what members of Congress actually may have intended as to the future treatment of "old law" inmates, if anything. Nevertheless, to the extent relevant, Congressional intent, may be inferred from the clear history showing Congress never envisioned the "old law"—"new law" dichotomy would exist in perpetuity.[6] Accordingly, whether or not 3582(c)(1)(A) should now be seen as expressly applicable to "old law" inmates such as King, at a minimum it is appropriate to look to that statute as setting the standards by analogy, because no other conflicting statute now applies.[7]

King's pending requests for relief include filings characterized as seeking writs of habeas corpus on a variety of grounds, most of which do not relate to compassionate release. Liberally construed, however, King's filings include a renewed request for compassionate release. As observed in prior orders, King's release on compassionate grounds is warranted. He is at least 81 years old, and suffers from at least some health conditions.[8] Although the determination of state

---

[6] At first, Congress apparently only anticipated this dual-regime structure would endure for five years. Sentencing Reform Act of 1984, Pub. L. No. 98-473, § 235(b)(1)(A), 98 Stat. 1837, 2031 (1984) (leaving Chapter 311 of 18 U.S.C. in place for pre-SRA offenders "for five years after the effective date" of the SRA). Subsequent extensions have likewise all been time-limited.

[7] As noted in a prior order, the Sentencing Reform Act's § 3582(c)(1)(A) amendment was titled "Increasing the Use and Transparency of Compassionate Release." While that did not override the provisions keeping § 4205(g) in effect for "old law" inmates until recently, it suggests a general intent to expand the availability of compassionate release.

[8] It is worth noting the guidelines applied by the BOP in evaluating compassionate release motions provide that "elderly inmates" such as King are generally eligible for compassionate release on that ground alone, regardless of health or other conditions. *See* BOP Policy Statement 5050.50.

authorities that he should be paroled did not, and could not, address whether he should be released

from custody as to his federal crimes, it does further support a conclusion that King's release will

not pose an unreasonable risk to public safety and is otherwise appropriate. Considering the

factors set out in 18 U.S.C.A. § 3553, compassionate release under all the circumstances here,

including the approximately six years King has served for his federal convictions, and the 38 years

he served for his state conviction, is warranted.

The conclusions of this order are limited to the unique circumstances of this case. It seems

unlikely there remain a large number of inmates in federal custody serving time for offenses

committed prior to November 1, 1987. However many there may be, an even smaller number, if

any, are likely to be elderly individuals who did not begin serving their federal sentences for

decades after their convictions. Accordingly, there is no reason for concern that King's release will

set a precedent.

The government shall initiate procedures to release King from custody as soon as is

practicable, but in no event later than November 14, 2025. The government may promptly submit

a proposed order setting out any conditions for supervised release it may contend are appropriate.

**IT IS SO ORDERED**.

Dated: November 4, 2025

RICHARD SEEBORG
Chief United States District Judge

---

Those guidelines, however, call for the inmate to have served at least 75% of the sentence term. Because King did not begin serving his federal term for 38 years after sentencing, he did not meet the literal terms of the policy statement.

CASE NO. 81-cr-00311-RS-1

5