UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>　　v.<br><br>DARREL KING,<br>　　　　Defendant. | Case No. 81-cr-00311-RS-1<br><br>**ORDER** |

Hours before the rescheduled deadline for Darrel King's release today, the government seeks reconsideration on grounds of an "intervening change in law," specifically that Congress acted over a week ago to extend the effective date of the repeal of § 4205(g) with respect to "old law" prisoners, with purported retroactive effect to include the period in time after the repeal previously went into effect, during which the order requiring King's release was entered. See Continuing Appropriations, Agriculture, Legislative Branch, Military Construction and Veterans Affairs, and Extensions Act, 2026, Pub. L. 119-37, §§ 106, 123, 139 Stat 495 (November 12, 2025). Because a change in law is a valid basis for reconsideration, the government's request for leave to seek reconsideration is granted, and its proposed motion for reconsideration is deemed filed. The deadline for King's release is hereby extended to November 28, 2025, pending a decision on reconsideration. This series of extensions of the release date, and continued uncertainty as to whether release ultimately will take place, undoubtedly is frustrating and likely bewildering to King. That is regrettable, but has been necessary.

The government's position is that the repeal of § 4205(g) never created a valid basis to order King's relief, and no further argument on that point will be entertained. The government is requested, however, to provide additional briefing by November 24, 2025, on the following point: Assuming it was appropriate to order King's release during a time period when the effective date of the repeal of § 4205(g) had come and gone, such that the section was no longer in effect, can the subsequent legislative enactment, purporting to extend retroactively the effective date of the repeal, be validly applied to vitiate King's right under the order to release, merely because the BOP had not yet carried out its obligation to release him as soon "as is practicable, but in no event later than" a date certain? In other words, can the government show that applying the recent legislative change to deny King release does not violate ex post facto principles, contravene vested rights, or otherwise constitute an unjust or improper result?

**IT IS SO ORDERED**.

Dated: November 20, 2025

_____
RICHARD SEEBORG
Chief United States District Judge

CASE NO. 81-cr-00311-RS-1