UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DARREL KING,<br><br>    Defendant. | Case No. 81-cr-00311-RS-1<br><br>**ORDER FURTHER EXTENDING DEADLINE FOR RELEASE** |

On November 4, 2025, an order issued directing defendant King's release from prison on compassionate grounds, to be effected no later than November 14, 2025. Dkt. No. 300. That deadline was subsequently extended to November 20th, Dkt. No. 302, and then to November 28th, Dkt. No. 311. The procedural history leading up to the order for release is set out in an order for briefing entered July 10, 2025. Dkt. No. 296.

As the release order reflects, it was premised on the fact that, as of the date it issued, Congress had allowed the repeal of 18 U.S.C. § 4205(g) to go into effect, following decades of successive extensions of the repeal date with respect to prisoners in King's circumstances. The government contends the repeal of § 4205(g) never allowed for King's release, but that, in any event, the repeal date has now been extended again, retroactively, until January 30, 2026, thereby undermining the basis on which the release order was issued.

The government further argues because the deadline for complying with the release order had not expired by the time Congress acted, there is no viable claim that the retroactive extension

of the repeal date § 4205(g) is inapplicable to King. Without conclusively resolving that issue, the extension of the repeal of § 4205(g) to January 30, 2026, at a minimum warrants extending the deadline for King's release to February 2, 2026, at 3:00 p.m.

The court regrets that a series of apparent impending release dates followed by last minute extensions have likely caused anxiety and distress. King is advised even though this order sets a new release date, it seems probable Congress will again extend the repeal of § 4205(g), in which case the court may have to conclude it lacks jurisdiction to order compassionate release.

In the interim, the government—meaning the U.S. Attorney, in consultation with the Bureau of Prisons—is strongly urged to conduct a further evaluation as to whether the Bureau of Prisons has, and should exercise, the discretion to release King from custody. It appears the prior denials of King's requests for compassionate release may have been based on an overly restrictive application of BOP Policy Statement 5050.50. On its face, a "policy statement" would not appear to preclude BOP officials from exercising reasonable discretion to honor the *spirit* of the policy without undue constraint from a literal application of the terms. So, for instance, even though King's federal sentence did not actually run concurrently with his 38 years imprisonment in the state system, surely the BOP can take into account that long confinement when evaluating whether it is appropriate to release King as an "elderly inmate," with or without other specific health conditions. The interests underlying the "policy" that elderly inmates must serve at least 75% of their federal sentences are adequately served by King's decades in state custody, given the unusual facts here.

For all the reasons set out in prior orders, it is also reasonable conclude that releasing King at this point in time would be consistent with all of the factors set out in 18 U.S.C. § 3553. Among other things, the fact that King has served a relatively small percentage of his federal sentence is offset by his total time in prison for related offenses and his age now. At this point in time, the interest in just punishment and deterrence has been adequately served, and there is no basis to conclude public safety requires his continued custody. Accordingly, it appears the BOP would be well within its discretion to release King.

Finally, as noted in prior orders, there is no reason to believe that the extraordinary circumstances of this case will set any kind of precedent. The number of prisoners still serving federal sentences for crimes committed prior to November 1, 1987, is likely quite small. The number of those who only began serving their federal sentences a few years ago is surely even smaller.

The government shall promptly notify the court forthwith in the event any further extension of the repeal date of § 4205(g) is enacted into law, or if the BOP exercises its discretion to release King, or to submit a motion for compassionate release on his behalf.

**IT IS SO ORDERED**.

Dated: November 25, 2025

_____
RICHARD SEEBORG
Chief United States District Judge

CASE NO. 81-cr-00311-RS-1

3